## Stewart's Estate.

*Wills—Trusts—Agreements of beneficiaries to cancel will—Validity.*

1. The right of all the parties in interest under a will to set aside or disregard the will does not extend to the case of an active trust for a definite term, created by a testator for the protection of his beneficiaries, and this is particularly true where there are contingent remainders limited to the issue of legatees who may die during the pendency of a life estate.

2. Where a testator bequeathed the residue of his estate in trust for the benefit of his wife for her life and upon her death to pay the income to his children in equal shares, and to the issue of any deceased child per stirpes, and directed that upon the death of the last surviving child, the principal of the estate should vest under the provisions of the intestate laws, the widow and children, although all parties in being interested in the estate, could not prevent the execution of the testator's purposes by agreeing to cancel and destroy the will, and a petition by the widow and children to enjoin the executor from proceeding with the probate of the will was properly refused.

Argued Feb. 7, 1916.   Appeal, No. 232, Jan. T., 1915, by Hettie J. Stewart, Caroline S. Shaffner, Albert C. Stewart, Henry A. Stewart and Bertha H. Stewart, from decree of O. C. Delaware Co., No. 10318, dismissing petition for an injunction, in Estate of Henry Stewart, Deceased.   Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ.   Affirmed.

Petition for an injunction to restrain respondents from producing and probating a will.   Before BROOMALL, J.

The opinion of the Supreme Court states the facts.

The court dismissed the petition.   Petitioners appealed.

*Error assigned* was the decree of the court.

*Lewis Lawrence Smith,* for appellants.—The beneficiaries under the will may unite in annulling it: Phillips v. Phillips, 8 Watts 195; Hart's Est. (No. 3), 203 Pa. 492; Hanau's Est., 12 Pa. C. C. 386; Heckman v. Kipp, 228 Pa. 436.

The appellants are the only persons in being who have any present interest in the estate either under the intestate laws or under the will.

*Harvey Gourley,* with him *Henry S. Cattell,* for appellee.—The appellants cannot lawfully destroy the contingent interests of persons who may come into being and subsequently acquire an interest in the property.

OPINION BY MR. JUSTICE WALLING, April 17, 1916:

This is an appeal from a decree refusing to restrain the probate of a will.

Henry Stewart died testate January 24, 1915, leaving a widow and four children.   His will, not yet probated, after providing for payment of debts and specific legacies to the widow, proceeds as follows, viz: (Paragraph (4)

"All the rest, residue and remainder of my estate, real,

personal and mixed, of every kind and description and wheresoever situate, I give, devise and bequeath unto Joseph T. Jackson, of the City of Philadelphia, in trust nevertheless for the following uses and purposes:

"FIRST, to pay to my said beloved wife during the term of her natural life the whole of the net income produced by said estate, she to provide during their minority proper maintenance and education for such of our children as shall be minors; and

"SECOND, from and after the decease of my said wife to pay and distribute said net income in equal parts and shares to our children, provided, that if any of our children shall have died, or shall die, leaving issue, to said issue shall be paid and distributed per stirpes such share or shares respectively as the child or children from whom said issue shall have descended, would have taken if living. Upon the death of the last or survivor of our children, the said trust shall end and determine, and the whole of said estate shall pass and vest according to the provisions of the intestate laws."

Paragraph 5, expressly confers upon the trustee and his successors in said trust full power and authority to conduct, manage and control said trust estate and all the affairs and business thereof; including authority to improve, rent, sell or mortgage the real estate and also to dispose of the personal estate; to invest and reinvest the funds of the estate; and conferring entire discretion in the control and disposition of the property, as is therein specifically set forth. The eighth paragraph makes full provision for successive trustees and also appoints said Joseph T. Jackson executor of the will.

On February 12, 1915, said widow and children made and executed an agreement wherein it is stipulated that said will be cancelled and destroyed and that all estates purporting to be given thereby be waived and renounced and that the estate of said deceased shall vest in his heirs at law as if he had died intestate. Such agreement also purports to make a disposition of said entire

estate and is in the nature of a family settlement. It is conceded that said widow and children are the only parties entitled to share in the estate of said deceased under the intestate laws. On February 18, 1915, the executor and trustee named in said will caused a citation to issue to said widow requiring her to produce and deposit with the register said purported will within fifteen days. Thereupon said widow and children presented their petition to the Orphans' Court setting forth inter alia said agreement; and that they were the only parties interested in said estate; and praying that a restraining order in the nature of an injunction issue to enjoin said named executor and the register from proceeding with the probate of said will. This appeal is from an order of the court refusing said petition.

The will in question creates a well defined active trust with large powers and duties in the trustee; and with the manifest purpose of securing the income of testator's estate for the use of his widow and upon her death then for the use of his children. Such trust has a definite duration to wit, from testator's death to that of his last surviving child. It violates no law and is such a testamentary disposition as a citizen has a right to make of his estate; and being an active trust it must be enforced:

"In Pennsylvania the right of a man to do as he will with his own has always been liberally construed. Accordingly, a donor, not under any obligation to give, may give with such conditions as he pleases, subject only to the restriction that the conditions shall not be clearly illegal": Holbrook's Est., 213 Pa. 93.

"An active trust may be created as a protection to the beneficiary because of his inexperience, improvidence, inability to manage his estate or for any other purpose, not illegal, which the benefactor may deem wise or expedient in order to carry out his intentions": Spring's Est., 216 Pa. 529 (p. 534).

Such a trust must be executed and cannot be destroyed; even a conveyance of the estate by the trustee

to the beneficiary is inoperative: Rife v. Geyer, 59 Pa. 393. The will of Henry Stewart creates an active special trust: Earp's App., 75 Pa. 119; Deibert's App., 78 Pa. 296; Watson's App., 125 Pa. 340; Hemphill's Est., 180 Pa. 95; Kreb's Est., 184 Pa. 222.

While in general the right of all the parties in interest to set aside or disregard a will may be conceded, yet it does not extend to the case of an active trust, for a definite term, created by a testator as he deems proper for the protection of his beneficiaries. In such case of course the legal title vests in the trustee; and here the testator emphasizes his intention that the trust shall not fail by fixing a definite duration, and by the naming of successive trustees. Such a trust cannot be set aside at the option of the equitable owners, and none of the authorities cited for appellants control this case. In Harrar's Est., 244 Pa. 542, the trust had no definite duration, and its principal purpose was the sale and distribution of the property of the estate, and meantime the payment of the income to the beneficiaries; and the trustees having neglected to make sale within a reasonable time, it is held in an opinion by Mr. Justice POTTER (p. 549) that: "Whenever the law determines that the discretion of a trustee should have been exercised in a particular way, he will be constrained to act in accordance therewith;" and further that the real estate being unsold those presently entitled to the proceeds thereof may elect to take it in kind; and that a trust will not be perpetuated for the benefit of the trustees. In Culbertson's App., 76 Pa. 145, the deceased died intestate and thereafter by agreement between the widow and heirs she was to receive for life as her dower the interest on a certain fund which was placed with the administrator as trustee; and it was held that the parties who had created such trust could terminate it and have such fund turned over to the widow. In Packer's Est. (No. 1), 246 Pa. 97, testator's three children having died without issue, it was held that the trust which had existed

about 33 years, and served its purpose, should be termi-
nated. And the rule is recognized in those cases and
others, "That no matter what may be the nominal dura-
tion of an estate given to a trustee, it continues in equity
no longer than the thing sought to be secured by the
trust demands."

In the case at bar the main purpose of the trust is to
secure an income for life for the widow and children.
It cannot be accelerated because it has a definite fixed
time for a definite fixed object; and the expressed wishes
of the testator must be followed: Derbyshire's Est., 239
Pa. 389.

None of the cases cited in support of the right of the
parties in interest to set aside a will involves the ques-
tion of an active trust. Of course a widow may elect to
take against the will, and thereby may accelerate the
termination of a trust created solely for her benefit.

We agree with the court below that it cannot now be
determined that petitioners are all the parties interested
in the estate, which the will divides into an equitable
life estate and a remainder in fee. As to the latter the
case is plain for it vests under the intestate law. But
by the provisions of the will possession thereof cannot
be had until the termination of the life estate upon the
death of the last surviving child. Meantime the estate
is held in trust, with the income payable to the widow
for life and thereafter to the children in equal shares,
"provided that if any of our children shall have died, or
shall die, leaving issue, to said issue shall be paid and
distributed per stirpes such share or shares respectively
as the child or children from whom said issue shall have
descended, would have taken if living." The testator is
speaking of the death of his wife and the words, "shall
have died or shall die" we believe have reference to that
date. Evidently by the use of the double expression he
had in mind two periods of time, the one before and the
other after a particular event. Even construing that
event to be his own death and the words "shall have

died" to refer to occurrences prior thereto, you still have the words "or shall die," which embraces future events, to wit, the death of children. And, as they may leave issue who under the plain terms of the will would share in such income until the death of the last child, it cannot now be said that the widow and children represent the entire estate. Words of survivorship do not always refer to the death of the testator. In Anderson's Est., 243 Pa. 34, in the opinion of Mr. Justice MESTREZAT (p. 41), it is stated:

"We agree with the appellant's contention that it is a general canon of construction that words of survivorship in a will refer to the death of the testator. But this should not be held to be a hard and fast rule that cannot be changed by the instrument itself. It must always be subject to the intention of the testator as disclosed by the language of his will. It is a cardinal rule that the actual intent of the testator must prevail when it can be ascertained, and it follows that words of survivorship will relate to the death of the life tenant instead of the death of the testator if such intent is clear from the will itself."

Here there can be no blending of the life estate with that in remainder, as the one is equitable and the other legal: Little v. Wilcox, et al., 119 Pa. 439. And the rule in Shelley's Case has no application. Effect should be given if possible to the entire will which cannot be done by ignoring the provisions in favor of the issue of children who may die before the termination of the trust.

The assignments of error are overruled and the decree of the Orphans' Court is affirmed at the cost of appellants.