PARKER *v.* BROADUS *et al.*

[91 South. 394. No. 22515.]

WILLS. *Competent person may dispose of property by will in any manner not prohibited by law; beneficiaries competent to contract may repudiate will and make family settlement agreement with heirs.*

While a person of competent age may dispose of his property by will in any manner not prohibited by law, it is also true that the beneficiary may refuse to accept the will, and, where a will disposes of property absolutely and unconditionally, and the

beneficiaries, being competent to contract, repudiate the will and enter into an agreement with the heirs in a family settlement, the renunciation relates back to the date of the death, and such will will not be probated, and administration may be had as in case of intestacy.

APPEAL from chancery court of Harrison county.

HON. V. A. GRIFFITH, Chancellor.

Application by W. R. Broadus and others for appointment as administrators of the estate of Rufus Broadus, deceased, and by U. B. Parker for probate of will and appointment as executor. From judgment appointing W. R. Broadus and others administrators, and denying the application of U. B. Parker for probate of will and for appointment as executor, U. P. Parker appeals. Affirmed.

*Leathers & Denny,* for appellant.

Rufus Broadus was the owner of the property, and as such was a free man, endowed with all of the privileges and powers that other Mississippians have. If it was proper for him to want two of his children to receive the property and to want eight of them not to participate in it as his property, and having, as he did, left a last will and testament, then we have no hesitancy in urging upon this court the fact that the devisees in the will will be required to take under the will and not otherwise. Whenever the property devised becomes the property of the devisees, they are vested with the same right to dispose of it in any lawful way that they see fit that their testator had, but until that will is probated and has been fully executed according to the tenor and effect thereof, it does not lie within the power of devisees to render same wholly invalid as it sought to do in this case.

We feel safe in assuring the court that the purpose of this appeal is single in its character, in this, that unless the will of Rufus Broadus be admitted to probate and his estate administered and passed thereunder, then we feel safe in saying to the court that all of the provisions con-

tained within the statutes and evidenced by the decisions of this court are entirely null and without effect, because it lies within the power of disinterested persons to divest the owner of the property of the privilege of saying how his property shall pass. Why is it that the statute makes it a criminal offense for one to suppress a will longer than the period fixed by the statute? Can it be said that such provision does not indicate that the purpose of the law is to have the will probated and rendered fully effective if same be valid? We find in 28 R. C. L., p. 357, section Number 359: That the law as to whether all persons interested in the decedent's estate having the right to avoid the will differs in different jurisdictions, but the great weight of authorities as indicated by the notes referred to by the section quoted, as well as the notes to the decisions in the several reports, bears out the contention of appellant in this cause; but this court need go no further than the statutes of our state, and the many decisions bearing upon wills, because it has been definitely decided in Mississippi that a testator has the right to devise his property if he does so in compliance with law, and that such provision accomplished during his life will be effective after his death. Counsel for appellees suggest in his proffered rule of reason that the only ones interested are the heirs at law of the decedent to determine the disposition of his property. If that be true, why confer upon the owner of property the right to dispose of it by will? Then people who approach their last breath upon this earth with the contentment that naturally follows a desired disposition of their property here, will not be lulled into a security that has no substance. Let them know now that the making of a will in all respects valid, is a foolish and a vain effort, and also thereby inform them that the ownership of property is for the benefit of someone else and not for themselves. Likewise inform the owners of property that the feudal conditions have returned, and that although they may feel free to make disposition of their property, yet the heirs at law have a greater interest in it than they have,

and any disposition that might be provided in a will will be ineffective unless the heirs at law are first consulted.

As before stated, the one particular involved in this appeal is the question of whether under the statutory law and the decisions of the supreme court of Mississippi a disposition of property by a testator, same having been accomplished in a valid, lawful manner, shall be effective after his departure when those who would be heirs at law if he died intestate are dissatisfied with his testamentary effort. We wish to suggest that the decision of the chancellor permiting this will to be renounced and thereby rendered a nullity is of such character as to render it necessary that the decree be reversed to the end that the will of the testator involved may be probated and his estate passed and administered thereunder.

*J. L. Taylor,* for appellee.

The sole question, as we view it, for the court to decide is: "May all the heirs at law, including the sole legatees and devisees in the will, all being of age and competent with no active trust named in the will, join in an express written agreement to dispense with probate of the will and to take under the law?" We answer most emphatically, yes, and we submit the following in substantiation of our views:

We cite 28 R. C. L., page 357, section 359, which is as follows: "Validity of Agreements to Dispense with Probate or to Modify or Set Aside, Will—Though in some jurisdictions an agreement to dispense with the probate of a will has been declared to be against public policy and void, in a majority of the decisions on the point it has been held that all the persons interested in a decedent's estate may by agreement divide the estate among themselves, without probating such decedent's will or administering the estate, and the validity of a contract having for its sole purpose the disposition of property in a manner different from that proposed by a testator, even where the contract

contemplates the rejection of the will when offered for probate or its setting aside when admitted to probate, when it is entirely free from fraud, and is made by all the parties in interest, would seem to be freely conceded. Thus it has been held that all the parties in interest may agree to eliminate from a will a clause provided for survivorship among them. But an agreement to resist the probate of a will and procure it to be set aside so as to cut off the interest, of one who is not a party to such agreement is against public policy. Nor does the right of all the parties in interest to set aside or disregard a will extend to the case of an active trust, for a definite term, created by a testator as he deems proper for the protection of his beneficiaries. A contract between the next of kin of a decedent, that they will each have a certain portion of the estate, does not amount to an agreement to divide the estate without probating the will." We submit that the general rule therefore is established that the will does not have to be probated. Same volume, *supra,* at section 351. See 124 Tenn. 312 or Annotated cases 1912D, 1140; *Bradford et al.* v. *Leake et al.* It will be noted in this case that: "A devise which does not become effective because the devisee renounces it, is a lapsed or void devise, and the property covered thereby passes under the residuary clause; otherwise it goes to the testator's heirs."

In the *Matter of the Estate of Stone,* 132 Iowa, 136, Volume 10, American and English Annotated Cases, 1033, we find the rule as announced in Iowa to be like the reverse of the rule as laid down in Wisconsin which counsel for appellants insist and rely upon. We especially invite the court's attention to the reading of the case in the matter of Stone as well as the cases noted thereunder from other jurisdictions.

Again, in the case of *Ward* v. *Ward,* 15 Pick. (Mass.) 511, the court says: "and probate court may respect and carry out agreements of settlement among the parties interested in the estate by which benefits under the law are renounced."

And again, we find in 49 Cyc, page 1892, where bequest or devise vests in the donee only upon his acceptance thereof, and especially when onerous, the beneficiary has the right to elect whether to take or not, and again in the 40 Cyc, at page 1898, we find the law squarely stated that the beneficiary may renounce the will and it becomes inoperative as to him.

So, as stated, in Ruling Case Law, the general weight of authority is that the estate may be handled just as this one was handled and which we find also set out in 1918E, page 216, Annotated Cases in Stewart's Estate, and notes thereunder which, in our judgment, is quite conclusive of this matter, as well as also 43 L. R. A. (N. S.) 575 and 16th L. R. A. (N. S.) 235.

All the statutes cited by counsel for appellant, of course, are the law when there is a will but the trouble is when there is no will the statutes have no effect. There was a will upon the death of Rufus Broadus but that will was annulled, renounced and voided so that it had no effect whatever and consequently no statutes cited by the counsel are controlling.

So it follows that by the family agreement aforesaid the will was renounced, annulled, disregarded and voided and the brothers and sisters agreed to divide the property equally among themselves living in peace, harmony and concord and with nothing to be gained and nothing to be changed, we submit that said case should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

Rufus Broadus, deceased, left a will at his death in the following words:

"I, Rufus Broadus, of Howison, county of Harrison, state of Mississippi, being twenty-one years of age, and of sound and disposing mind, make this my last will and testament.

"I give, devise and bequeath all my estate and property, real and personal, of every kind and nature, together with

all right, title and interest in possession, reversion, or remainder, which I may have at the time of my death in, or to lands, tenements, hereditaments, or annuities, or rents charged upon, or issued out of them, or goods and chattels and personal property, including all moneys on hand in banks or due me, together with all life insurance, of every kind and nature due me, in fact everything which I may die possessed of unto my sons, W. R. Broadus and Charlie L. Broadus, to be owned and held or divided equally between them.

"I appoint as executor of this will U. B. Parker of Wiggins, in Stone county, state of Mississippi.

"In making this will and devising my property to my said sons I have in mind the fact that I have already deeded and conveyed to my other sons and daughters a great portion of my estate, both real and personal.

"In witness whereof, I have signed, published and declared this instrument as my last will and testament, this the 4th day of September, 1919."

To this will was attached a letter to the appellant reading as follows:

"Howison, Miss., November 10, 1919.

"Mr. U. B. Parker, Wiggins, Mississippi—Dear Sir: Please pin this letter to my will. I want to show cause why I made this will. This is why I done so. My own children an espely the girls meding in my private business, going in my trunk, and taking my money and going to postoffice and git my letters and breaking them open an exposing them to the public, espesly Velmy and her ill treatment is why I make his will an I want it carried out to a letter just as it is worded.

"Yours very truly,
"[Signed]   RUFUS BROADUS."

After the death of said Broadus the beneficiaries named in said will and the other children of the deceased entered into an agreement, whereupon the beneficiaries in the will renounced the will and agreed with the other children of the deceased that the property should be divided equally

128 Miss.—45

between the said children, counting the advancements
made to some of the children by the deceased in his life-
time so as to equalize the estate of each child with that re-
ceived from the father's estate by the other children. The
agreement provided that the beneficiaries named in the
will should be appointed administrators of the estate of
the deceased, and the said beneficiaries filed a petition in
the chancery court making said agreement an exhibit to
the petition, praying for the appointment of themselves as
administrators of their father's estate. While the clerk
was reading the petition of the applicants for administra-
tion, the appellant, who had been named as executor in the
will by the deceased, appeared and presented a will duly
proven by the subscribing witnesses and tendered a peti-
tion to be appointed executor and for letters of adminis-
tration issued to him, tendering bond therefor. The clerk
thereupon referred the matter to the chancellor for ad-
vice, sending all of the papers above referred to to the chan-
cellor. The chancellor set a day for hearing, and the par-
ties appeared and presented their several applications to
the chancellor, who, after hearing the whole matter, de-
nied the appellant's petition to probate the will and to be
appointed administrator, and appointed the applicants,
who are appellees, administrators of the said estate. The
appellant presented a petition for appeal with *supersedeas,*
and the chancellor allowed the appeal, but refused the
*supersedeas.* This appeal presents the question for deci-
sion as to whether a family settlement entered into be-
tween parties all competent to agree, including all of the
beneficiaries of the will, can dispense with the probation
of the will and renounce the will so as to make it ineffective
as such. It is insisted that under the laws of this state a
party has a right to dispose of his property as he pleases,
and that his intention and purpose cannot be defeated by
agreement between the beneficiaries of the will and his
heirs at law to make a settlement of the estate contrary to
the terms of the will, and that his letter attached to the will

constitutes a codicil thereto, and that the testator desired the will to be strictly carried out.

It is true the testator has a right to dispose of his property in the manner that he did dispose of it and to make such disposition not prohibited by law as may suit his purpose. It is equally true, however, that he cannot compel the beneficiaries in his will to accept the will or the property thereunder devised and they have the right to renounce the will where it contains no trust or other limitation upon the property devised or bequeathed by the will, and when a will is renounced the effect of the renunciation relates back to the time the will became effective so as to make it void where, as in this case, the property is devised unconditionally and absolutely to the beneficiaries. There is a conflict of authority in the states of the union upon this subject. In 28 R. C. L. 357, section 359, the law upon this subject is stated as follows:

"Though in some jurisdictions an agreement to dispense with the probate of a will has been declared to be against public and void, in a majority of the decisions on the point it has been held that all the persons interested in a decedent's estate may by agreement divide the estate among themselves, without probating such decedent's will or administering the estate, and the validity of a contract having for its sole purpose the disposition of property in a manner different from that proposed by a testator, even where the contract contemplates the rejection of the will when offered for probate or its setting aside when admitted to probate, when it is entirely free from fraud, and is made by all the parties in interest, would seem to be freely conceded. Thus it has been held that all the parties in interest may agree to eliminate from a will a clause providing for survivorship among them. But an agreement to resist the probate of a will and procure it to be set aside so as to cut off the interest of one who is not a party to such agreement is against public policy. Nor does the right of all the parties in interest to set aside or disregard a will extend to the case of an active trust, for a definite term,

created by a testator as he deems proper for the protection of his beneficiaries. A contract between the next of kin of a decedent that they will each have a certain portion of the estate does not amount to an agreement to divide the estate without probating the will."

The other line of authorities follows what is known as the Wisconsin rule, following *Dardis' Will,* 135 Wis. 475, 115 N. W. 332, 23 L. R. A. (N. S.) 783, 128 Am. St. Rep. 1033, 15 Ann. Cas. 740. This state has not heretofore taken a position on this proposition, but we think the weight of authority and the better rule is that stated in 28 R. C. L., above stated, and the authorities referred to in the case note.

As stated by the chancellor.

"It is difficult to perceive why the valid wishes of one of the dead should be more obligatory upon us than the equally valid, and in this case more generous, wishes of all the living. A testator may confer by will upon an heir a larger share of his estate than the law would give, but the testator possesses no potentiality to compel the heir to accept it, nor may the court do so for him. There could be no policy of the law, or public welfare or of public interest that could rise above that which would conserve and insure harmony, peace, and good will among the living members of a numerous family. The family settlement here is fair, equitable, and commendable from every standpoint of refinement of feeling and of unselfishness of affection, and it ought to stand."

The judgment of the court will therefore be affirmed.

*Affirmed.*