TAYLOR and others, Respondents, vs. HOYT, imp., Appellant.

*March 8—April 5, 1932.*

For the appellant there was a brief by *C. A. Ingram* of Durand and *W. G. Haddow* of Ellsworth, and oral argument by *Mr. Haddow*.

For the respondents there was a brief by *E. S. Pattison* of Durand and *J. J. Gleason* of Alma, attorneys, and *F. M. White* of River Falls of counsel, and oral argument by *Mr. White*.

FRITZ, J.  All of the parties are children and heirs at law of Henry S. Hoyt, upon whose death a document, purporting to be his will, was offered for probate by the defendant Tesco Hoyt.  The dispositions in that document favored Tesco Hoyt and one of his sisters to the disadvantage of the other heirs.  The latter filed objections to the probate of the will on the grounds of improper execution and attestation, lack of mental capacity, undue influence, and fraud.  When the resulting issues were about to be tried, the heirs entered into an agreement under which, "in consideration of the withdrawal of said objections of Maggie Taylor and others," it was agreed that "objections to said last will and testament of Henry S. Hoyt are hereby withdrawn, and said will may be admitted to probate;" that the other heirs would assign and deed their interest under the will in the property of the deceased to Tesco Hoyt; and that the latter would pay to each of such other heirs $325 at the time of the closing of the estate or not later than one year from the date of the agreement.  The resulting disposition of the property differed from the disposition intended to be made by the will and was more favorable to the other heirs.  Upon making that contract the objections to the probate of the will were withdrawn, and as no proof was offered in support of the objections the will was admitted to probate on merely the usual *prima facie* showing.  After the estate was duly ad-

ministered according to the will, Tesco Hoyt refused to perform the agreement to pay $325 to each of the heirs, and they brought this action to recover those sums.

On the trial the learned circuit judge found that the objections to the probate of the will were filed in good faith; that the contract to withdraw the objections was made in good faith; that the purpose of the contract was to avoid expense, embarrassment, and animosity; and that it was not intended to interfere with the probate of the will or the assignment of the estate in accordance with the will. The court concluded that the contract was valid, and awarded judgment for plaintiffs accordingly. Since that judgment was ordered, this court in *Graef v. Kanouse,* 205 Wis. 597, 238 N. W. 377, 380, in connection with a review and reconsideration of our decisions on the subject, said:

"Two propositions are to be derived from *Will of Dardis* [135 Wis. 457, 115 N. W. 332] and subsequent cases: (1) That any scheme entered into by the beneficiaries of a will by which the will of the testator is effectually defeated or thwarted will be considered against public policy; and (2) that in the probate of a will the principal question to be determined is one of status in which the whole world has an interest, and that it is against public policy to deny or grant a will probate merely upon the stipulation of parties immediately interested, the court having no power to set aside a will upon equitable grounds."

In two of the cases then referred to, viz. *Will of Rice,* 150 Wis. 401, 136 N. W. 956, 137 N. W. 778, and *Will of Reynolds,* 151 Wis. 375, 138 N. W. 1019, the contracts, which were held against public policy and therefore invalid, provided, as in the case at bar, for the withdrawal of objections, which had been filed, to the probate of the will. The rule is equally applicable to the agreement involved in this action. That agreement, followed by the withdrawal of the objections, and the wilful omission of the objectors to submit to the court the proof as to facts which had prompted

them, in good faith, to raise material issues as to the execution and validity of the proposed will, in the status of which "the whole world has an interest," resulted in the wrongful suppression, by collusion between them, of a judicial inquiry. That is against public policy and, consequently, their agreement is void and unenforceable. It is not saved by the fact that its provisions contemplate that the administration and distribution of the estate were to be completed under the will before the beneficiaries were to receive payments and to re-assign and deed their interests in the property of the estate, so as to ultimately share therein otherwise than the will provided. *Graef v. Kanouse, supra.*

*By the Court.*—Judgment reversed, with directions to enter judgment dismissing the complaint.