## Rech's Estate

Before Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

*J. Rech Guckes,* of *Guckes, Shrader, Burtt & Thornton,* for exceptants.
*John Stokes Adams,* contra.

VAN DUSEN, J., May 12, 1933.—In Roberts' Estate, 18 D. & C. 463, we have just set aside a trust created by the settlor for herself for life, with power of management by the trustee, and with remainder as the settlor should appoint by will. We followed the recent decision of the Superior Court in Long et al. v. Tradesmens National Bank and Trust Co., 108 Pa. Superior Ct. 363. The only difference in the facts was that in the Long case there was a remainder in default of appointment to the estate of the settlor, whereas in the Roberts case there was no ultimate remainder at all. It seemed to us, however, that the law made the same disposition of the Roberts fund as was made by the deed in the Long case. The ground of decision was that no one but the settlor had any interest to preserve and protect, and that she was entitled to resume her own property if she wished, though she declared that her deed was irrevocable.

In the present case the first life tenant has died, and now the disposition of the property is to A for life, and then the principal as A shall appoint, and in default of appointment to A's heirs. There is still an active right of management by the trustee. The trust was created by will. The auditing judge has followed Baughman's Estate, 281 Pa. 23. In that case a will gave property to a trustee to manage and to pay the whole income to a church. Though the church was sole beneficiary, it was not allowed to end the trust. This case is in line with Stewart's Estate, 253 Pa. 277, and Schuldt v. Reading Trust Company et al., 270 Pa. 360.

The difference is that one, by deed or will, may create a trust in which he withholds from another who is otherwise sole owner and beneficiary one of the attributes of ownership, namely, the right of control and management, and that this restriction is preserved out of respect for the creator of the trust. This is the reason for sustaining spendthrift trusts, which are attacked by theorists, but are firmly fixed in our law and are practically of great benefit.

That the testator intended that this should be an active trust during the life tenancy is clear from his declaration that his grandchildren, the present life tenants, should receive no principal. This wish of the testator to protect them from themselves is as much entitled to respect as a wish to protect them from their creditors.

But one may not place such restrictions upon himself. Miss Roberts' covenant not to revoke her deed was ineffective because there was no interest in any third person to enforce it.

As was said in the Long case, supra (p. 364) :

"It makes little difference, in our opinion, in this case, whether the trust created by Long is active or passive, because no person but himself has any present or future interest in it. Where a trust is created for the benefit of another person, the question whether it is active or passive becomes of importance, for in the latter case, the *cestui que trust*, or beneficiary in trust, has the right to have it terminated for his benefit, and have the possession of the estate; while if it is active he does not have such right: Stafford's Est., 258 Pa. 595, 599. But where the trust is wholly for the convenience of the settlor, and is not made for his protection against intemperance or vicious habits, or as a spendthrift trust, etc., and there is no beneficiary named in it but himself,— that is, no third person is given any interest in it—either present or future— the settlor can terminate it at any time, whether it is declared irrevocable for a term of years or not."

In such cases as Wood's Estate, 261 Pa. 480, 482, where the trust was set aside, " 'no ultimate purpose of any kind requiring the continuance of the trust is expressed in the will, or can be implied from its terms except the mere payment of the income to the cestui que trust.' " That is to say, it was a passive

trust. In the present case, and in Baughman's case and the other like cases cited above, the trust was active and could not be ended.

Another reason why this trust cannot be ended is that the parties interested in remainder are not ascertained. They are the heirs of the present life tenants who seek to end the trust, and they cannot be ascertained until the death of the ancestor. This conclusion is supported by the intimation of the Supreme Court in the recent case of Rehr v. Fidelity-Philadelphia Trust Company, 310 Pa. 301, though it is not the ground of decision. In this respect there is another difference between a trust created by a third person for the benefit of A and his heirs, and a trust created by A for the benefit of A and his heirs. In the latter case, it is no more than if the trust was for the benefit of A alone; and the word "heirs" is, so to speak, a word of limitation (see Dodson v. Ball, 60 Pa. 492) and not of purchase. The heirs of A claim under him (which is not the case when a third person creates the trust) and, as they are volunteers, they cannot complain of what their ancestor has done.

The exceptions are dismissed and the adjudication is confirmed absolutely.