IN RE ESTATE OF JOHN R. MURPHY.

MARGARET MURPHY et al., Appellants, v. WILLIAM H. MURPHY et al., Appellees.

No. 42301.

FEBRUARY 13, 1934.

Gill & Gill, and Geo. E. Allen, for appellants.

Prichard & Prichard, for appellees.

STEVENS, J.—John R. Murphy, a resident of this state, on November 16, 1931, died testate. On December 31, 1932, the court,

in pursuance of a stipulation signed by all of the beneficiaries named in the will, denied its admission to probate.

This action, which was tried in equity, is to set aside and cancel the order thus made. The grounds upon which this relief is sought will be stated a little later in the opinion. The will was duly presented and filed in the office of the clerk of the district court of Monona county on November 18, 1931. The stipulation of the beneficiaries, who are the heirs at law of the testator, under the will, which constituted the basis for the court's action denying probate of the will, was filed in the office of the clerk December 12, 1931.

Charles S. Murphy, designated in the will as executor, and Margaret Murphy as executrix, together with their brother Mark, were appointed administrators of the estate, and have since acted as such. The administrators' bond filed December 12, 1931, is signed by all of the beneficiaries named in the will.

On the next day after the stipulation was signed by all of the beneficiaries agreeing that the will should not be admitted to probate, another agreement, signed by the same parties, was entered into. By the second agreement, an attempt was made to organize a partnership to share the estate upon a different basis than that provided in the will, but otherwise, in substance, carrying out its terms. As stated, the administrators took possession of the estate, consisting largely of real property, and managed it, so far as the record shows, up to the time of the trial, and perhaps since.

The second stipulation entered into by the parties provided for a report and an accounting by the administrators at the end of one year. Failing to comply with this provision of the contract, William and Mark Murphy, parties to the contract, filed an application in the probate court for an order to compel the administrators to make such accounting and report. This, apparently, operated as the provocation for the present action.

Two major propositions are urged by appellants: (a) that they were induced to execute the respective stipulations and agreements "without any consideration therefor, through intimidations, fear, threats, deceit, fraud, misrepresentation and threats of personal violence"; and (b) that the stipulation signed by all of them, agreeing to waive probate of the will, is wholly null and void because in violation of the statutes of this state and contrary to public policy.

As the first of the propositions stated above is without support

in the evidence, we need give it no particular consideration. The respective instruments were clearly voluntarily signed by each and all of the parties thereto. Whether it was read over in the presence of all of them, as claimed by appellees, we need not determine, as each had full opportunity to read the same, and, in any event, they obviously fully understood its purport and purpose.

We need not detail the steps necessary to be taken in this state for the probation of wills. The procedure is statutory, obvious and well understood by the profession.

In support of the proposition most vigorously urged by appellant, that is, that the stipulation forming the basis for the court's order refusing to admit the will to probate is void because contrary to public policy, counsel relies almost wholly upon decisions of the Supreme Court of Wisconsin. In re Dardis' Will, 135 Wis. 457, 115 N. W. 332, 23 L. R. A. (N. S.) 783, 128 Am. St. Rep. 1033, 15 Ann. Cas. 740; Cowie v. Strohmeyer, 150 Wis. 401, 136 N. W. 956, 137 N. W. 778; Graef v. Kanouse, 205 Wis. 597, 238 N. W. 377; Taylor v. Hoyt, 207 Wis. 520, 242 N. W. 141. The foregoing citations are in point and tend strongly to support appellants' contention. The Wisconsin rule is, however, contrary to the weight of authority. Parker v. Broadus, 128 Miss. 699, 91 So. 394; In re Stewart's Estate, 253 Pa. 277, 98 A. 569, Ann. Cas. 1918E, 1216; Cole v. Cole, 292 Ill. 154, 126 N. E. 752, 38 A. L. R. 719; Blount v. Wheeler (Dillaway) 199 Mass. 330, 85 N. E. 477, 17 L. R. A. (N. S.) 1036; Gugolz v Gehrkens, 164 Cal. 596, 130 P. 8, 43 L. R. A. (N. S.) 575.

It is the rule, well established in this state, that beneficiaries may renounce the provisions of a will intended for their benefit, even though it may defeat the claims of personal creditors. Lehr v. Switzer, 213 Iowa 658, 239 N. W. 564; Schoonover v. Osborne, 193 Iowa 474, 187 N. W. 20, 27 A. L. R. 465; Stutsman v. Crain, 185 Iowa 514, 170 N. W. 806; Farwell v. Carpenter, 161 Iowa 257, 142 N. W. 227; Davenport v. Sandeman, 204 Iowa 927, 216 N. W. 55.

It is also the rule in this and other jurisdictions that such beneficiary may, by renouncing the provisions of a will made for his benefit, defeat the collection of collateral inheritance taxes out of the share he would otherwise have received. In re Estate of Stone, 132 Iowa 136, 109 N. W. 455, 10 Ann. Cas. 1033; People v. Flanagin, 331 Ill. 203, 162 N. E. 848, 60 A. L. R. 305.

The agreement of the beneficiaries under the will of John R.

Murphy, although not so expressed in terms, is tantamount to a renunciation in part of the provisions of the will, coupled with the purpose to voluntarily share the estate upon a basis different from that provided therein. Parties in interest may, as between themselves, waive the probate of a will and bind themselves to abide the provisions thereof. Farwell v. Carpenter, supra; Davenport v. Sandeman, supra.

If a beneficiary named in a will may renounce the provision thereof designed for his benefit, certainly public policy places no limitation upon his right to voluntarily share such provision with other beneficiaries upon a different or modified basis. The rights of creditors, if any, are fully preserved in this case by the appointment of administrators of the estate.

The will in question devised the larger share of the testator's estate to appellants. The real estate is given to them as joint tenants with a provision that the survivor shall take the whole. Provision is also made in the will that the real estate shall not be sold or disposed of without the concurrence of the major beneficiaries, and also that one of the daughters shall have certain benefactions upon conditions therein named. It is further provided that, upon termination of the administration of the estate, Charles S. Murphy, executor, and Margaret Murphy shall thereafter act as trustees. They are, however, the sole beneficiaries of the trust. The parties to this action are the sons and daughters of the deceased and his sole surviving heirs at law. Just what is, or should be, the rule if the will created a spendthrift, or other similar, trust, or one for the benefit of a *non compos*, we are not now concerned and make no pronouncement upon this subject, but see Cochran v. Zachary, 137 Iowa 585, 115 N. W. 486, 16 L. R. A. (N. S.) 235, 126 Am. St. Rep. 307, 15 Ann. Cas. 297; Birdsall v. Birdsall, 157 Iowa 363, 132 N. W. 809, 36 L. R. A. (N. S.) 1121; Farwell v. Carpenter, 161 Iowa 257, 142 N. W. 227; In re Stewart's Estate, 253 Pa. 277, 98 A. 569.

Some contention is made that the instruments in question were executed without consideration. This would seem to be clearly untrue. There was some threat on the part of appellees to contest the will. The parties, apparently in good faith, sought to effect a compromise settlement of the property of the estate upon a satisfactory basis. If the instrument had been admitted to probate, the

identical arrangement could have readily been effected without question.

No question involving the construction of the so-called domestic partnership agreement is involved on this appeal. We perceive *no* sense in which the stipulation complained of is violative either of the statutes of this state or probate policy. The judgment is therefore affirmed.

CLAUSSEN, C. J., and EVANS, KINTZINGER, and KINDIG, JJ., concur.