## CHISHOLM, Plaintiff-Appellant, v. CHISHOLM, etc., Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21799.  Decided July 24, 1950.

Horwitz, Kiefer & Harmel, Cleveland, for plaintiff-appellant.
Hauxhurst, Inglis, Sharp & Cull, Douglas, Stark, Jett & Biechele, Cleveland, for defendant-appellee.

### OPINION

Per CURIAM:

In seeking the relief demanded, plaintiff is in the unique position of attacking the validity of an agreement fully understood and freely executed by her more than twenty-seven years before the institution of this suit.  She makes no claim of fraud, mistake imposition or undue influence.  She asserts no ground for a reformation of the trust agreement of May 9, 1921, although such in essence is the nature of the relief sought.  With the advice of counsel and with full knowledge of the facts she elected unequivocally to receive her annuity out of the income of the trust fund.  By her conduct she is now estopped from making a different choice.

There was no testamentary trust in favor of plaintiff created by the will of Henry Chisholm.  No duties were im-

posed upon Andre T. Chisholm as trustee that were enforceable by plaintiff. Under the terms of the will, plaintiff's annuity was an equitable charge upon the estate of the residuary legatee.

See: Restatement of Trusts, Vol. 1, Sec. 10 page 32. The following language under sub-section (f) of Sec. 10 of the Restatement is pertinent:

"Ordinarily where property is transferred to another 'subject to the payment of' a certain sum of money to a third person, or 'paying' such sum, an equitable charge and not a trust is created, since the transferor does not thereby manifest an intention to impose a duty upon the transferee to deal with the property for the benefit of a third person. On the other hand, where property is transferred to another with a direction to pay to a third person a certain sum out of the property or its proceeds, or 'subject to the payment from the property or its proceeds' or 'paying from the property or its proceeds' such sums, a trust and not an equitable charge is created, since the transferor thereby manifests an intention to impose a duty upon the transferee to deal with the property in part at least for the benefit of the third person."

The foregoing quoted language delineates the distinction between **Chisholm v. Shields, 67 Oh St 374** and the case under review.

All the beneficiaries under a will may by agreement between and amongst themselves, make a disposition of property otherwise than as directed by the testator. 57 Amer. Juris. 653, Sec. 1005-1009.

See also:
Annotation in 97 A. L. R. 468.

"The beneficiaries under a will cannot, however, agree to modify or destroy a trust provision thereof."

Farwell v. Carpenter, 161 Iowa 257; Davenport v. Sandman, 204 Iowa 927; Parker v. Broadus, 128 Miss. 699, 91 So. 394; **Madden v. Shallenberger, 121 Oh St 401.**

The last citations and quoted language are from 97 A. L. R. at page 471.

The case of Madden v. Shallenberger, supra, relied on by plaintiff, is not authority for the proposition that the beneficiaries under a will may not alter the distribution directed by the testator where such agreement does not effect the provisions of an active and express trust.

The judgment of the Probate Court is affirmed. Exc. Order See Journal.

SKEEL, PJ, McNAMEE, J, HURD, J, concur.