IN RE ESTATE OF BERTIE H. DUREY.

G. HAROLD DUNHAM, Administrator, Appellee, v. NANCY E. DUREY SCANLON et al., Appellants.

No. 41620.

NOVEMBER 15, 1932.

Carr & Carr, and Longley, Ransier & Frank, for appellee.

H. J. Swift, for appellant Nancy E. Durey Scanlon.

E. A. Johnson, for appellant Fidelity & Casualty Co.

WAGNER, J.—Bertie H. Durey, a resident of Delaware County, died testate September 18, 1928, and his will was duly admitted to probate. His widow, Nancy E. Durey (now Nancy E. Durey Scanlon), was nominated as executrix in the will and she was confirmed as such by the court. She duly qualified as said executrix on September 28, 1928, by taking the oath prescribed by law and by giving bond in the required amount of $10,000.00 with the defendant-corporation, Fidelity & Casualty Company of New York, as surety. The estate was heavily indebted, and the debts and charges of the estate are enough to practically absorb all of the property of said estate. By the terms of his will, the testator first provided for the payment of the debts and charges of his estate out of the property left by him at the time of his decease, and subject thereto, devised to each of his children—four in number—a life estate in certain tracts of real estate, with the remainder over in each tract to the children of the particular devisee, and made his widow the residuary beneficiary of his estate. The widow's election to take under the will has been made of record.

The decedent was indebted to his wife on a promissory note, and a claim based thereon has been filed with the clerk of the district court and duly allowed as a valid claim against said estate. The amount due upon said note, according to its terms, on January 29th, 1932, is $3,784.80.

On March 26th, 1929, the widow filed her petition, asking for an allowance for her support for the twelve-month period from and after the date of the death of the decedent; and on the same day, on an ex-parte hearing, the court granted an order allowing from the funds of said estate the sum of $1,200 for said purpose, and providing therein that "the said Nancy E. Durey, as executrix of

said Estate, is hereby directed to pay the said sum ($1,200) out of the assets of said Estate as soon as the funds therefor can be made available." On the 29th day of April, 1929, the four children of the decedent filed with the clerk a motion to set aside the aforesaid order for widow's allowance. Subsequently, the children of the deceased filed an amendment to their motion to set aside the order for widow's allowance. Nancy E. Durey Scanlon, as widow and as executrix, entered her appearance in said proceeding, and trial of this matter was had to the court, and with reference to said matter, the court granted the following order:

"It is therefore Ordered, Adjudged and Decreed by the Court that the Order of this Court dated March 26th, 1929, allowing to Nancy E. Durey Scanlon, widow of the deceased, the sum of Twelve Hundred Dollars as widow's allowance be and the same hereby is set aside and cancelled; and it is further ordered, adjudged and decreed by the Court that Nancy E. Durey Scanlon, widow of the deceased, was and is entitled to a widow's allowance to be paid from and out of the assets of the estate in the sum of Six Hundred Dollars.

"It further appearing to the Court that said widow is also the duly qualified and acting Executrix of this estate, it is further adjudged by the Court that she be and hereby is required to account for all sums of money in excess of Six Hundred Dollars paid to herself as widow's allowance.

"To all of which all parties except."

It appears that much of the personal property belonging to the estate was sold. On March 26, 1929, the widow filed in the clerk's office her application, asking that she be allowed the proceeds of the sale of certain personal property in the amount of $2,331.52, which property was exempt to the testator. On April 20th, 1929, the children of the decedent filed a resistance to said application. This matter seems to have rested in abeyance until November 6th, 1930, when the widow and children entered into a written stipulation, agreeing that the court enter an order authorizing and directing the executrix to pay the surviving spouse said sum of $2,331.52, and an order of court in accordance with the stipulation was entered of record.

The record shows that the executrix paid to herself, as widow,

the aforesaid widow's allowance of $1,200.00 and the proceeds of the sale of the exempt property in the sum of $2,331.52.

The record also shows that the executrix, without an order of court, paid from the personalty the sum of $50.00 for taxes on real estate devised to one of the children for life, with remainder over to the children of the first taker. The surety in its answer in the instant case admits that it is liable for said amount and that the same should be included in any judgment rendered against it. In their argument, the appellants say:

"Frankly it may be that the executrix is foreclosed from claiming such credit under the rule announced in the Estate of Dalton, 183 Iowa 1013."

With these admissions shown by the record, and in view of the argument of appellants, we will refrain from further discussion relative to said item.

On February 13, 1931, the Delaware County State Bank, a creditor of the estate, filed its application for order, in which it makes complaint in respect to the disposition of the funds as shown by a report of the executrix then filed, and praying that its claim be ordered paid within such reasonable time as the court might fix. On March 20, 1931, the court entered of record an order establishing the claim of said creditor and the claims of other creditors, as claims of the third class, and directed the executrix to make payment of all of the same within ninety days from that date.

Thereafter, the Delaware County State Bank filed its application, asking for judgment against the executrix and her surety for the amount due upon its claim. The court entered of record an order fixing the time for the hearing upon said application and prescribing the notice to be served upon the interested parties. All parties were served with notice in accordance with said order. The surety company filed its answer to the application of the Delaware County State Bank, alleging that, as shown by the report of the executrix then on file, there were no assets belonging to said estate in her hands, not accounted for, with which to pay the claim of said claimant, and prayed that the application of said claimant be denied. The executrix filed her answer to the application of the Delaware County State Bank, alleging therein the probability that all assets of the estate, both real and personal, were insufficient to pay all the claims allowed, and that the court had appointed

a referee to make an accounting, and prayed that the application for judgment against her and the surety on her bond be denied.

Thereafter, the executrix resigned, and G. Harold Dunham was appointed administrator with the will annexed of said estate, and he duly qualified as such. On September 30, 1931, the administrator with the will annexed filed an application for order, alleging therein that the executrix had resigned; that she had in her possession property belonging to the estate in the sum of not less than $8,648.01, for which she had wholly failed to account, and prayed that she be required to appear at such time and upon such notice as the court might fix, to show cause why the court should not order her to pay to the administrator with the will annexed the sum of money alleged to be in her possession, with any other sums that the court might find due. The court entered of record an order requiring the executrix to appear on the 5th day of October, 1931, to show cause why the prayer of the administrator with the will annexed should not be granted; and the executrix was accordingly duly served with notice. Thereafter, the executrix filed what is denominated her final report, which shows in detail the receipts and disbursements claimed to have been made by her. The disbursements include the amounts, hereinbefore mentioned, paid to herself as widow's allowance, the amount paid to herself as the proceeds of the exempt personal property, and also the $50.00 item paid on taxes. To this final report, objections were filed by the claimant, Delaware County State Bank, and by the administrator with the will annexed, in which they object to her claimed right to credit for the amount paid to herself in excess of $600.00 for widow's allowance, to the payment to herself of the proceeds of the exempt property in the sum of $2,331.52, and to the amount of $50.00 paid by her on taxes.

As the result of a hearing on said matter, the court, on November 25, 1931, adjudged the amount due from the executrix to the administrator with the will annexed, and for which she as executrix should account, to be $9,612.55. In arriving at this amount, the court disallowed her claimed right to take credit for the aforesaid amounts. The amounts of the receipts of and the disbursements by the executrix were agreed upon by the parties. There was a stipulation among the parties to said litigation at that time that no steps then taken should be held to estop the executrix or the surety upon her bond from thereafter asserting any legal defense

they might have to the disallowance of the claims of the executrix to credit for the aforesaid amounts. The order adjudging the amount, $9,612.55, to be due from the executrix to the administrator with the will annexed, for which she as executrix was therein held to account, contains a provision which, in substance, is in accord with this stipulation.

The foregoing states the history of the matters involved down to the time of the institution of the present suit, wherein the administrator with the will annexed in January, 1932, filed his application or petition, in which he asks judgment against the principal and the surety upon her bond for the said sum of $9,612.55, with interest and costs. The executrix filed answer to the aforesaid petition, admitting that the court had heretofore found that she was indebted to the estate in the amount of $9,612.55 and that the same had not been paid. She claims therein an offset in the amount due upon her claim as an individual against said estate, which is hereinbefore mentioned. The Surety Company filed its answer to the aforesaid petition, also alleging therein as an affirmative defense, in part, that the executrix is entitled to the offset in the amount of her claim as an individual against the estate. In the answer, the Surety Company, by appropriate pleading by way of affirmative defenses, in part, raises the issues as to its liability for the $600.00 widow's allowance and the sum of $2,331.52, proceeds of the sale of exempt property which were paid by the executrix in her official capacity to herself as an individual. It alleges therein "that upon the payment of said sums by said executrix to said widow she appropriated and used the same, and by and at the time of her final accounting herein, and for a long time prior thereto and ever since, she was insolvent." It prays that it be given credit as against the sum of $9,612.55, for the amount due upon the claim of the widow against the estate, and also to the aforesaid amounts paid by the. executrix, in her official capacity, to herself as an individual. The aforesaid affirmative defenses alleged by the Surety Company in its answer were attacked by the plaintiff-administrator with the will annexed by motion to strike, which was sustained. It is conclusively shown by the record that the widow is insolvent, her uncontradicted evidence being as follows:

"I have nothing with which to pay that money into this estate. Whatever the amount, I have no money with which to pay the estate. I have no property of any kind or description."

In the instant suit, the. court entered judgment providing as follows:

"Ordered that judgment be entered against Nancy E. Durey Scanlon, former executrix, and against the Fidelity & Casualty Company of New York, in the sum of $9,822.39, with interest from January 29, 1932, at six per cent per annum."

This amount is the $9,612.55 found to be due the appellee-administrator with the will annexed as increased by the interest due thereon to the date of judgment. Said judgment further provides:

"It appears, however, that Nancy E. Durey Scanlon has filed a claim in said estate which has been allowed in the sum of $3,784.80, including the interest to January 29, 1932. If, upon appeal to the supreme court, the judgment entered above is affirmed, then the said Nancy E. Durey Scanlon and her surety, would be entitled to credit upon said judgment of $3,748.80, with interest at six per cent from January 29, 1932, upon the filing by her of her receipt showing that she has received said sum from said estate."

The record shows that Nancy E. Durey Scanlon on January 29, 1932, filed her receipt for said amount. Said judgment further provides:

"However, if said judgment is changed, modified or reduced, then the said Nancy E. Durey Scanlon would be entitled only to such credit on said judgment, because of her said claim, as may be determined by the supreme court."

From this judgment, the defendants have appealed.

Were it not for the aforesaid stipulation among the parties, which inhered in and became a part of the order or judgment of November 25, 1931, said adjudication would have been final as to the amount of the judgment which should now be rendered against the surety, as well as against the principal. See In re Estate of Kessler, 213 Iowa 633; In re Estate of Carpenter, 210 Iowa 553; Jackson v. Benson, 54 Iowa 654; Tucker v. Stewart, 147 Iowa 294. In In re Estate of Carpenter, 210 Iowa 553, we said:

"The finding made by the probate court on hearing of objections to the executor's report, fixing the amount due from him to the estate, was an adjudication binding upon the sureties on his bond, in the absence of fraud or mistake."

But in view of the stipulation hereinbefore mentioned, which inhered in and became a part of the order or judgment of November 25, 1931, these matters were all left open for future litigation and determination.

With the amount of $50.00 paid by the executrix on taxes eliminated from further consideration, as hereinbefore mentioned, we now pass to the question of the liability of defendants for the excess of $600.00 paid by the executrix to herself on widow's allowance. Section 11923, Code 1931, provides:

"The court shall, if necessary, set off to the widow and children of the decedent under fifteen years of age, or to either, sufficient of his property, of such kind as is appropriate, to support them for twelve months from the time of his death, and may, on the petition of the widow or other person interested, review such allowance and increase or diminish the same, and make such orders in the premises as shall be right and proper."

While the widow was granted an order fixing the amount of the allowance at $1,200.00, this order was subsequently set aside on the motion of the four children, "persons interested" in said estate, and her allowance then fixed at $600.00. She was by this subsequent order required to account, as executrix, for the sum of $600.00. The widow and her surety were conclusively presumed to know the law. Therefore, they knew that the first allowance of $1,200.00 was subject to be set aside or modified, which was subsequently done in an adversary proceeding as between the children of the decedent upon the one hand and the widow and executrix upon the other. The widow and executrix were given an exception to the order of modification and no appeal was taken therefrom. Therefore, said order requiring her, as executrix, to account for the sum of $600.00 became binding upon her as executrix and also upon her surety. See the authorities hereinbefore cited. It is, therefore, quite apparent that neither the executrix nor the surety can now insist upon any credit for the sum of $600.00 previously paid by Nancy E. Durey Scanlon as executrix to herself as an individual.

We now proceed to consider the question of the liability of appellants for the amount of $2,331.52, proceeds of the exempt property, paid by the executrix to herself. It is true that said money was so paid under order of court. It must be borne in mind

that, by the terms and provisions of the will, the testator made his exempt property liable for the payment of his debts. The widow has elected to take under the will; therefore, she took the property therein devised to her subject to the burdens placed thereon by the testator. It is not now contended by the appellants that the widow is legally entitled to the proceeds of the exempt property. Indeed, it is conceded by them that she is not. Appellants' contention at this point is that the executrix, as such, was protected by the order of court in making the payment of the proceeds of the exempt property to herself as widow, and that there can now be no recovery from the surety on her bond; that the executrix, as such, and the surety on her bond are under no obligation to account for said sum; that the only obligation to repay said sum is the personal obligation of the widow. In support of their contention, the appellants rely upon Cowie v. Strohmeyer (Wis.), 136 N. W. 956; Citizens State Bank of Colfax v. Victoria Sanatorium, 179 Iowa 671; Jenkins v. Shields, 47 Iowa 708. The appellants' concede that the widow is personally liable to repay the amount. None of the cases relied upon by the appellants apply to payment, under order of court, made by an executor or administrator to the same person as an individual. The taking of the money by Nancy E. Durey Scanlon as an individual from herself as executrix was the equivalent of taking the money out of one of her pockets and putting it into another.

■ The bond given by the executrix is a statutory bond, and regardless of its terms, the provisions of the statute are considered as written into it. See Section 1062, Code 1931; Brooke v. American Savings Bank, 207 Iowa 668, 674. In the cited case we said:

"It being a statutory bond, the provisions of the statute are read into it."

The executrix was required to faithfully perform the duties devolving upon her. It is the duty of the executrix to render a true account of her office and of her doings therein to the proper authority, to wit, the district court. Under the law, it is the duty of the executrix *to pay over to the officer or person entitled thereto* all moneys which came into her hands by virtue of her office. Under the facts and record in the instant case, *the officer or person entitled thereto is the plaintiff-administrator with the will annexed.* Under Section 1060, Code 1931, the surety is liable therefor. The order

of court authorizing and directing the executrix to pay said money to herself was improvidently granted and constituted a mistake.

The application for the order was not made by Nancy E. Durey Scanlon in her official capacity, but was made by her as an individual. Nancy E. Durey Scanlon did not in said proceeding represent the adverse interests as between herself as an individual and herself as an official. Neither could she properly represent said conflicting interests. It is true that the children appeared and consented to the order; but the testator made his exempt property liable for the payment of his debts, and the same is needed for said purpose. And since the widow elected to take under the will, the creditors who were not represented in said proceeding by personal representative of the estate, or otherwise, are also interested in the question as to whether the widow, as such, was entitled to the proceeds of said property. Induced by an interest in behalf of herself,—a selfish interest,—she asked for the order. As executrix, the only proper attitude which she could take would be: Let this $2,331.52 go where the law and the facts put it. Under the law and the facts she was not entitled to the order which her selfish interests prompted her to ask. It is quite clear that, under the circumstances, the order of the court can not be considered an adjudication binding upon the creditors who are now represented in the instant suit by the administrator with the will annexed. Under the record in this case, through mistake an order was granted, directing the payment of the proceeds of the exempt property by the executrix to herself. The estate has not been settled. Under Section 12049, Code 1931, "mistakes in settlements may be corrected in the probate court at any time before his [the executor's or administrator's] final settlement and discharge." The executrix and the surety on her bond were conclusively presumed to know this provision of the statutory law. The previous holdings of this court are to the effect that mistakes made during the settlement of an estate in interlocutory orders, without notice, are subject to correction at any time before the final settlement of the estate. See Metcalf v. Baldwin, 143 Iowa 310; Dorris v. Miller, 105 Iowa 564. Such orders have no greater effect than that they are *prima facie* correct. See In re Trusteeship of Lawson, 215 Iowa ......; Des Moines Savings Bank v. Krell, 176 Iowa 437.

In the instant case, the estate has not been settled or closed. The order for the payment by the executrix to herself was granted

without notice, and there was no one as personal representative of the estate representing the conflicting rights of the creditors of the estate as against the personal or individual claim of the widow to said amount of $2,331.52. Under the record, this sum of money has at all times constituted a portion of the assets of the estate to which the widow is not and never has been entitled. The personal representative of the estate is entitled to said sum to apply on the debts and charges held by the creditors of said estate. Were the controversy herein one only as between the widow and the children, beneficiaries under the last will and testament of decedent, we would have a different question for determination. Under the facts as disclosed by the record, the insolvency of the executrix is immaterial; her financial condition at the inception of the Surety Company's liability, as well as what it would or might be during the pendency of the administration, was a matter to be weighed, considered and determined by the Surety Company before signing the bond and assuming the obligations thereof. It is quite apparent from the foregoing that the contention of the appellants at this point is without merit. Whether the executrix and surety would be liable, in the event that the court should grant an order for the payment of money belonging to the estate to a third person on application duly made by the executrix as such, is not before us, and we make no pronouncement thereon.

It will be observed that the amount found by the court to be due the appellee from the appellants is $9,822.39, with interest from January 29, 1932. This amount includes the $50.00 paid by the executrix on taxes, which the appellants concede is properly included therein. It also includes the aforesaid amount of $600.00 paid by the executrix to herself on widow's allowance, which she was required by order of court to account for as executrix, and which we have hereinbefore found was properly included therein. It also includes the $2,331.52, the proceeds of the sale of exempt personal property paid by her as executrix to her individual self, which we have also found was properly included therein. It will be observed that the court in the final judgment allows the appellants a credit for the amount of the widow's claim against the estate in the amount of $3,748.80, with interest thereon from January 29, 1932, said amount to be a credit upon the amount found by the court to be due the appellee from the appellants. No appeal has been taken by the appellee. The appellee concedes that this portion

of the order or judgment, allowing credit for the amount of the widow's claim against the estate, is correct. In view of said concession, and since no appeal has been taken by the appellee, we make no pronouncement as to the correctness of the finding and judgment of the court in allowing this credit.

Our conclusion thus far makes it unnecessary to consider other propositions urged in argument by the respective parties.

For the foregoing reasons, the judgment of the trial court is correct, and the same is hereby affirmed.—Affirmed.

STEVENS, C. J., and FAVILLE, DE GRAFF, and ALBERT, JJ., concur.