IN RE ESTATE OF G. EARL HERMENCE.

BERNIECE HERMENCE, Appellee; JENNIE KNIPE, Appellant.

No. 46574.

OCTOBER 17, 1944.

REHEARING DENIED FEBRUARY 9, 1945.

Cornelius P. Hanley, of Milwaukee, Wisconsin, and Lundy, Butler & Lundy, of Eldora, for appellant.

Boardman, Cartwright & Druker, of Marshalltown, for appellee.

GARFIELD, J.—This is a companion case to the appeals of three other heirs-contestants in the matter of the estate of G. Earl Hermence, deceased. An opinion disposing of those three appeals appears in 235 Iowa 745.

Chronologically, the facts in the present case are in all respects similar to those in the other three cases down to and including the order of December 4, 1943, overruling the contestant's demand for a jury trial upon her original objections. Upon December 10, 1943, as in the Ted Bowers case, this contestant dismissed her original objections without prejudice. Later, on February 11, 1944, she filed an answer to the application for admission of the will to probate. The answer admitted testator's death, the survivorship of his wife, and the filing of the will, but denied its execution. The answer reiterated with considerable amplification the charges made in the contestant's original objections and added, in Division V of the answer, the matter stated in Division III of the new objections in the three companion cases. Endorsed upon the answer was a demand for jury trial as to all issues.

On May 6, 1944, this contestant filed a motion for default against the proponent as to each division of the answer because of the proponent's failure within seven days to file a motion or reply thereto. The proponent filed a resistance to the demand for a jury trial, stating, among other matters, that it was not filed within the time prescribed by Iowa Rules of Civil Procedure and that the order of December 4, 1943, denying a jury trial on the original objections, from which no appeal was taken, constitutes the law of the case. On May 10th the court overruled the proponent's motion for default and denied her demand for a jury trial. Pursuant to authority granted by the chief justice, under Rule 332, the proponent has appealed from the order of May 10th.

We think this appeal is governed by our opinion in the

three companion cases above referred to. This contestant is entitled to a jury trial upon the issues raised by her answer, just as the other contestants are entitled to a jury trial upon their new objections. The order appealed from, insofar as it denies a jury trial, is therefore reversed. Insofar as the order overrules the contestant's motion for default, it is affirmed.—Affirmed in part; reversed in part.

All JUSTICES concur.