In re Estate of John Swanson.

No. 47155.

(Reported in 31 N. W. 2d 385)

.MARCH 9, 1948. .

Leo E. Fitzgibbons, of Estherville, and L. E. Linnan, of Algona, for appellants.

F. J. Kennedy, of Estherville, and Kelleher & Kelleher, of Fort Dodge, for appellees.

GARFIELD, J.—Proponents' appeal presents the question whether the settlement agreement is a valid defense to their attempt to probate the will and codicils. On the administrators' appeal we must determine whether an ex parte allowance of fees to proponents' attorneys is a final judgment or decision from which appeal will lie under Rule 331, Rules of Civil Procedure.

Decedent John Swanson died November 18, 1946, leaving a will and two codicils which were filed for probate by the attorney for Lloyd and Ed Stockdale, nominated in the will as executors. It is of no consequence that the petition for probate was signed by the attorney, not by the Stockdales. Such a petition was unnecessary—filing the will and codicils was sufficient. In re Will of Young, 224 Iowa 419, 275 N. W. 558; In re Estate

of Hermence, 235 Iowa 745, 15 N. W. 2d 905, and 235 Iowa 751, 15 N. W. 2d 908.

Time for probate was fixed, notice prescribed and given. On November 30th decedent's heirs, a daughter and three sons, and his widow filed a paper designating F. J. Kennedy as attorney to probate the will and settle the estate and discharging Leo Fitzgibbons, who signed the petition for probate. Two days later the Stockdales filed a paper designating Mr. Fitzgibbons as attorney for the executors. On December 18th the widow and heirs filed their written request that the Stockdales decline to act as executors.

On the day set for probate the heirs filed objection to the probate of the will and second codicil on the ground that when that codicil was made decedent "was not competent to make same." The Stockdales then filed an application challenging the sufficiency of this objection because it was based solely on decedent's condition when the second codicil was made and asking that in any event the will and first codicil be admitted to probate.

Two days later the widow and heirs filed resistance to the Stockdales' application in which they set up an agreement that day signed by them providing for settlement of the estate as intestate and appointment of the daughter and a son as administrators. They also amended the objection previously filed by the heirs by alleging decedent was of unsound mind and the victim of undue influence of proponents (doubtless meaning the Stockdales) when the will and codicils were made. The Stockdales filed answer to the objections, denying them, and reply to the resistance, challenging the settlement agreement because it does not provide for distribution of the estate in a different manner than the will, is merely a scheme to defeat decedent's choice of executors and for other reasons.

The issues raised by the resistance of the widow and heirs and the reply thereto were heard by the court. The settlement agreement was upheld as a bar to the probate of the will and the daughter and son named in the agreement were appointed administrators to settle the estate as intestate. From this adjudication the Stockdales have appealed to us.

After the above decision but before the appeal, attorneys for the Stockdales made application for the allowance of fees as part of the costs of administration. The order was entered ex parte, allowing Mr. Fitzgibbons $558 and Mr. Linnan (who was employed by the Stockdales soon after the resistance based on the settlement was filed) $250. The son and daughter as administrators have appealed from such allowances.

In considering the appeal of the Stockdales, to whom we refer as appellants—we call the widow and heirs appellees—the terms of the will, made in 1945, and second codicil, as well as the settlement agreement, should be stated. The first codicil may be disregarded. The will makes these bequests: a life estate in all realty to the widow; $500 to each of thirteen grandchildren; $3,500 to the daughter; half of all personalty, after payment of debts and specific bequests, to the widow; the rest of the personalty and the remainder interest in the realty are bequeathed 3/10 to the daughter, 3/10 to the son John, Jr., 2/10 to each of the other two sons; $100 to a cemetery association on condition it agree to appropriate $5 annually for twenty years in the upkeep of the Swanson cemetery lot. The will directs appraisal, upon the appointment of executors, of decedent's interest in a farm partnership with two sons, who may acquire such interest at the appraised value.

The will also directs the cancellation of notes and mortgages made by the son John, Jr. The second codicil, made in September 1946, revokes this provision and bequeaths such notes and mortgages to the widow. Except for this change, this codicil confirms the will. At his death decedent held notes and mortgages of John, Jr., in the sum of $14,800 plus several years' interest. The will, as stated, nominates Lloyd and Ed Stockdale as executors.

The agreement upheld by the trial court, signed in January 1947 by the daughter and sons, their spouses and the widow, states it is in settlement of all controversies which have arisen or might arise in connection with the estate, including the widow's right to distributive share and support, to provide for settlement of the estate without administering it as testate and to avoid delay and expense. It recites $6,600 has been deposited with the clerk of the district court to pay the bequests of $500

each to the thirteen grandchildren and $100 to the cemetery. The provisions of the will are renounced and the court is asked to provide for settlement of the estate as intestate in accordance with the agreement and not under the will and codicils and to appoint John, Jr., and the daughter Mabel administrators.

The agreement provides for distribution in this manner: $3,500 to Mabel;·notes and mortgages made by John, Jr., shall be canceled and surrendered to him (this is in accord with the provision of the will but contrary to the second codicil which bequeaths these notes and mortgages to the widow); after payment of debts and costs of administration half the personalty shall go to the widow, the remaining half to the daughter and sons in the same proportions as provided in the will; the widow shall have a life estate in the realty with remainder to the daughter and sons in the same proportions provided by the will.

The agreement further provides the farm partnership between decedent and two sons which existed in 1945 has been mutually dissolved before decedent's death and all matters of accounting settled except for the period from June to October 10, 1946. As to such period, John, Jr., and Mabel, as administrators, are authorized to settle with the surviving partners. The agreement recites it does not limit the powers of the court to make all orders usual in administration of intestate estates or in the enforcement of claims of creditors.

Upon the trial appellees assumed the burden of proving the execution of the settlement agreement and deposit of $6,600 with the clerk to satisfy the legacies to the grandchildren and the cemetery. Appellants do not now question either of these facts. Appellants examined the widow and daughter apparently in an attempt to show the purpose of the agreement was to prevent appellants from acting as executors. That this was an important consideration in making the agreement there is little doubt.

There was trouble and ill feeling between at least two of the sons and one or perhaps both of the Stockdales. The nature of the trouble or who was more to blame therefor does not appear. The daughter insisted there would be no peace in

the family if appellants acted as executors and the mother testified she wanted the estate settled in peace. The only other testimony at the trial was that of John, Jr., offered by appellees, as to the notes and mortgages he was owing decedent.

I. Except in Wisconsin where such an agreement is not recognized, as against public policy, it is generally held the beneficiaries under a will may agree to disregard the instrument and have the estate distributed as intestate or in any other manner they see proper. In re Estate of Murphy, 217 Iowa 1291, 252 N. W. 523; In re Estate of Stone, 132 Iowa 136, 109 N. W. 455, 10 Ann. Cas. 1033; In re Estate of Dale, 139 Neb. 631, 298 N. W. 414; annotation 97 A. L. R. 468; note Ann. Cas. 1918E, 1218; 69 C. J., Wills, sections 2673, 2674; 28 R. C. L., Wills, section 359. See, also, Bosserman v. Watson, 230 Iowa 627, 630, 298 N. W. 804, 806.

Like other courts, we have not followed the Wisconsin rule which is based on the theory a will is more sacred than a contract and it is the duty of courts to carry out the wishes of the testator regardless of the wishes of beneficiaries. In re Estate of Murphy, supra; annotation 97 A. L. R. 468, 470, 471; note Ann. Cas. 1918E, 1218, 1223, 1224.

It is sometimes said family settlements are favored by courts. Harris v. Randolph, 213 Iowa 772, 783, 236 N. W. 51; 69 C. J., Wills, section 2673. In upholding such settlements, courts have reasoned that beneficiaries under a will may, immediately after the distribution, divide the property as they see fit and there is no reason why they may not make such division before they receive the property. Also that beneficiaries are not compelled to accept provisions of the will. Annotation 97 A. L. R. 468, 470. See, also, Coomes v. Finegan, 233 Iowa 448, 451, 7 N. W. 2d 729, 730, and citations.

Appellants contend a family settlement is upheld only where it provides for distribution in a manner different than in the will and it is said the agreement here makes no such provision. It is true it is usually stated in substance that a family settlement which provides for distribution in a manner different than the will will be upheld. Ordinarily there is no occasion for such settlement unless the parties desire some disposition different than in the will.

But no authority has come to our attention which supports appellants' position. It seems opposed to our decision in Davenport v. Sandeman, 204 Iowa 927, 216 N. W. 55, and our statement in In re Estate of Murphy, supra, and Farwell v. Carpenter, 161 Iowa 257, 264, 142 N. W. 227, that parties in interest may, as between themselves, waive the probate of a will and bind themselves to abide by its provisions.

But even if appellants' view of the law were correct, it cannot be said this agreement provides for the same manner of distribution as the will and second codicil. As stated, the agreement provides for cancellation of the notes and mortgages of John, Jr., which the second codicil bequeathed to the widow. The agreement also differs from the will in the provision regarding the farm partnership. It is true the widow might have accepted these notes and mortgages under the second codicil and then given them to John, Jr. But all beneficiaries of a will may, if they choose, defer readjusting their interests in the estate until after distribution under the will. The validity of the settlement is not affected by the fact the same result might have been reached in another way.

Appellants argue the sole purpose of the settlement agreement was to prevent their appointment as executors and that this may not be done. Reliance is had on In re Estate of Schneider, 224 Iowa 598, 277 N. W. 567, and earlier cases which hold the nominee in a will admitted to probate should be appointed executor unless for the most persuasive reasons and the mere wishes of the heirs are insufficient.

We do not feel called upon to decide whether a settlement agreement would be upheld if its sole object were to prevent the appointment as executor of the nominee in the will. The trial court found this agreement was entered into in good faith, for an honest and worthy purpose, to promote family peace, avoid a will contest and for other purposes, heretofore indicated, stated in the agreement. The case is in probate, not equity. Review here is not de novo. Rule 334, Rules of Civil Procedure; In re Guardianship of Damon, 238 Iowa 570, 580, 28 N. W. 2d 48, 53, and citations; In re Estate of Hale, 231 Iowa 1018, 1024, 2 N. W. 2d 775, 779, and citations. We cannot say the above findings are without evidential support.

There are two exceptions to, or limitations upon, the rule permitting family settlements: (1) Beneficiaries under a will cannot defeat a trust. Davenport v. Sandeman, supra, 204 Iowa 927, 931, 216 N. W.' 55; Cochran v. Zachery, 137 Iowa 585, 590, 115 N. W. 486, 16 L. R. A., N. S., 235, 126 Am. St. Rep. 307, 15 Ann. Cas. 297; Stewart's Estate, 253 Pa. St. 277, 98 A. 569, Ann. Cas. 1918E, 1216, and note 1218, 1222; annotation 97 A. L. R. 468, 471; 69 C. J., Wills, section 2674. (2) Such an agreement may not deprive one not a party thereto of his interest in the estate or prejudice the rights of nonconsenting creditors. Davenport v. Sandeman, supra; Cochran v. Zachery, supra; Gray v. McReynolds, 65 Iowa 461, 464, 21 N. W. 777, 54 Am. Rep. 16; 28 R. C. L., Wills, section 359.

Neither of these exceptions is applicable here. The will creates no trust. A duly appointed executor or administrator holds a position of trust and is frequently referred to as a trustee for those interested in the estate. Goodman v. Bauer, 225 Iowa 1086, 1090, 281 N. W. 448, and citations; In re Estate of Willenbrock, 228 Iowa 234, 239, 240, 290 N. W. 502, and citations. However, the law recognizes a distinction between the ordinary trustee and an executor or administrator. 21 Am. Jur., Executors and Administrators, section 10; 65 C. J., Trusts, 215, 216, section 2.

In any event one who, like these proponents, has been nominated executor in a will but not appointed by the court cannot be called a trustee. His appointment is not complete until the will is probated and he is appointed by the court. The nomination in the will may be disregarded by the court if the best interests of the estate so require. Davenport v. Sandeman, supra, 204 Iowa 927, 931, 216 N. W. 55; In re Estate of Smith, 165 Iowa 614, 621, 622, 146 N. W. 836; In re Estate of Stewart, 107 Iowa 117, 77 N. W. 574; Reed v. Home Nat. Bk., 297 Mass. 222, 225, 8 N. E. 2d 601, 603, 112 A. L. R. 657, 659, and citations.

Unlike an heir, legatee or creditor of decedent, proponents had no interest in the estate of which they were deprived by the settlement agreement. That they would be compensated as executors, if appointed by the court, gave them no such interest.

Such compensation would be only in return for services rendered. They would be expected to give full value for compensation received. See authorities last above, also In re Will of Fallon, 107 Iowa 120, 123, 77 N. W. 575; In re Estate of Meredith, 275 Mich. 278, 266 N. W. 351, 104 A. L. R. 348, 353, and citations; Cajoleas v. Attaya, 145 Miss. 436, 111 So. 359, 58 A. L. R. 1457; Helfrich v. Yockel, 143 Md. 371, 122 A. 360, 31 A. L. R. 323. See, also, In re Estate of Telsrow, 237 Iowa 672, 684, 22 N. W. 2d 792, 800.

■ Although the above disposes of the Stockdales' appeal, we will consider their further contention they are entitled to be named executors or, in any event, administrators if the estate is held to be intestate. Authorities are cited to the effect an instrument is a will even though it but names an executor and does not dispose of property. See annotation 147 A. L. R. 636, 640; note 34 L. R. A., N. S., 963, 968; 68 C. J., Wills, section 612. And it is argued the designation of executors here is in itself a valid will. However, this provision is no more sacred than other parts of the will. The authorities hold, in effect, an entire will may be superseded by a family settlement.

It is argued there is express recognition in section 633.12, Code, 1946, for the appointment of the executor named in the will. But this statute contemplates the admission of the will to probate. And even where the will is probated we have always recognized the court has some discretion in the appointment of the personal representative. In re Estate of Schneider, supra, 224 Iowa 598, 601, 602, 277 N. W. 567, and citations.

We cannot accept appellants' contention that because of Code section 633.39 the mere nomination of an executor in a will, regardless of the invalidity of the instrument, deprives interested parties of the right to apply for administration to any other suitable person and therefore the court must appoint appellants as administrators. That this contention does not entitle appellants to a reversal see In re Estate of Telsrow, supra, 237 Iowa 672, 684, 22 N. W. 2d 792, 800.

■ II. Appellees have moved to dismiss the appeal of the Stockdales and affirm the judgment below on the ground they have no interest in the subject matter that entitles them

to appeal. We have concluded to affirm the case on the appeal of the Stockdales rather than to dismiss their appeal.

It was the duty of appellants, named as executors in the will and codicils, to offer them for probate and make all reasonable effort to sustain their validity when contested. In re Estate of Hayer, 233 Iowa 1343, 1350, 11 N. W. 2d 593, 597, and citations. We are not prepared to hold, in view of the duty which confronted appellants, they were required to accept the trial court's decision as final.

One named as executor in a will may appeal from a judgment denying probate of it. 2 Am. Jur., Appeal and Error, section 193; In re Avery, 117 Conn. 201, 167 A. 544, 88 A. L. R. 1154, 1156, 1157, and annotation 1158, 1171. We are not convinced this general rule is not applicable here.

Further, the motion to dismiss and the appeal present closely related questions. Appeals in cases somewhat analogous seem to have been considered and not merely dismissed. The motion to dismiss does not go to the jurisdiction of the court in the ordinary sense. Appellees are in no manner prejudiced by an affirmance (indeed their motion to dismiss asks an affirmance) rather than a dismissal of the Stockdales' appeal. An affirmance rather than such dismissal seems to be in the interest of all parties.

However, nothing in this division is intended to express any opinion on the question whether appellants' attorneys may be compensated from the estate for any of their services. That question is not before us.

 III. The Stockdales' motion to dismiss the administrators' appeal from the ex parte allowance of fees to movants' attorneys is based on the ground such allowance is not a final judgment or decision which may be appealed under Rule 331(a), Rules of Civil Procedure. If such ex parte order is not a final judgment or decision this appeal therefrom will not lie. No interlocutory ruling or decision may be appealed except pursuant to an order under Rule 332. See Rule 331(b); Stolar v. Turner, 236 Iowa 628, 644, 645, 19 N. W. 2d 585, 593; Phillips v. Catterson, 235 Iowa 715, 719, 17 N. W. 2d 517, 520. The administrators made no attempt to proceed under

Rule 332, relating to appeals from interlocutory rulings or decisions.

We are convinced such ex parte order is not a final judgment or decision, within Rule 331(a). We are therefore without jurisdiction to consider the appeal. Ontjes v. McNider, 224 Iowa 115, 118, 137, 275 N. W. 328; Barber v. Shattuck, 207 Iowa 842, 223 N. W. 864.

 A final judgment or decision is one that finally adjudicates the rights of the parties. See Rule 219; Whittier v. Whittier, 237 Iowa 655, 662, 23 N. W. 2d 435, 440, and citations. It must put it beyond the power of the court which made it to place the parties in their original condition or, as frequently said, put the case out of court. It is a determination which may be enforced by execution or in some other appropriate manner. 4 C. J. S., Appeal and Error, 187, section 94a; 2 Am. Jur., Appeal and Error, section 22. In Stolar v. Turner and Phillips v. Catterson, both supra, we adopt a definition of "interlocutory" as "not finally decisive of a case." By these tests this ex parte order is clearly interlocutory and subject to review in the probate court.

 We have repeatedly held ex parte orders in probate are not adjudications but are subject to review in the probate court, under what are now sections 638.9, 638.10, Code, 1946, at least until the estate is finally settled. Jennings v. Schmitz, 237 Iowa 580, 586, 20 N. W. 2d 897, 901, and citations; In re Estate of Robinson, 233 Iowa 613, 618, 619, 10 N. W. 2d 43, 46; Soppe v. Soppe, 232 Iowa 1293, 1296, 8 N. W. 2d 243, 245; In re Estate of Robinson, 231 Iowa 1099, 1101, 3 N. W. 2d 158, 160, and citations.

We have frequently referred to such orders as merely interlocutory. In re Estate of Nicholson, 230 Iowa 1191, 1207, 300 N. W. 332, 341; In re Estate of Metcalf, 227 Iowa 985, 996, 289 N. W. 739; In re Estate of Durey, 215 Iowa 257, 266, 245 N. W. 236, 240; In re Estate of Metcalf, 143 Iowa 310, 120 N. W. 104.

It is true many of our decisions involve ex parte orders procured by the executor or administrator and not, as here, by another party. But we find no decision that an ex parte order which would be interlocutory if procured by the personal

representative is a final adjudication because obtained by another. Nor do we perceive any sound basis for such holding.

Further, we have held in several cases that ex parte probate orders procured by one other than the representative of the estate are not adjudications. In In re Estate of Austin, 194 Iowa 1217, 1223, 191 N. W. 73, an ex parte order authorizing one nominated executor in a will, who was neither spouse nor heir, to employ counsel to defend the instrument at the expense of the estate was repudiated by the probate court in a later order after the will had been successfully contested. We upheld the later order.

In In re Estate of Durey, supra, 215 Iowa 257, 266, 245 N. W. 236, 240, the widow, *as an individual and not in her capacity as executrix,* procured an order without notice to creditors authorizing her to retain funds the will had made liable to the payment of debts. Upon the complaint of a creditor we held the order was not an adjudication but merely interlocutory and subject to correction at any time during the settlement of the estate.

The two cases of In re Estate of Robinson, supra, 233 Iowa 613, 618, 619, 10 N. W. 2d 43, 46, and 231 Iowa 1099, 1101, 3 N. W. 2d 158, 160, involve ex parte allowances of compensation to an attorney procured by him without the knowledge or consent of the personal representative with whom he was at odds. We held the orders were not adjudications.

It is true we have held many times that the allowance of a claim in probate after notice and hearing is a final adjudication in the absence of fraud or collusion between claimant and the administrator. In re Estate of Tiernan, 232 Iowa 139, 143, 4 N. W. 2d 869, 871; In re Estate of Davie, 224 Iowa 1177, 278 N. W. 616; In re Estate of Kinnan, 218 Iowa 572, 255 N. W. 632, cited by the administrators, are cases of this kind. They are not in point. In Soppe v. Soppe, supra, 232 Iowa 1293, 1296, 8 N. W. 2d 243, 245, we point out that an order adjudicating the validity of a claim was not ex parte and that if it had been it would not be an adjudication. See, also, In re Estate of Nicholson, 230 Iowa 1191, 1207, 1208, 300 N. W. 332, 341.

The administrators cite us no decision of any court that an appeal will lie from an ex parte order. The prevailing rule generally is to the contrary. The aggrieved party must first apply to the court which made the order to have it set aside. 2 Am. Jur., Appeal and Error, section 64; 4 C. J. S., Appeal and Error, section 157. There should be little doubt of the application of the general rule here in view of sections 638.9, 638.10, Code, 1946, which under our repeated holdings entitle the administrators or any person interested in the estate to have this order reviewed in the probate court.—Affirmed on proponents' appeal; appeal of the administrators is dismissed.

MULRONEY, C. J., and OLIVER, BLISS, HALE, MANTZ, and HAYS, JJ., concur.