# IN THE COURT OF APPEALS OF IOWA

No. 23-1078
Filed June 5, 2024

IN THE MATTER OF THE ESTATE OF JOSEPH W. BARTOSH, Deceased.

CLIFFORD E. BARTOSH, individually, JERRY BARTOSH, individually, JERRY BARTOSH and CLIFFORD BARTOSH, as Trustees of the Bartosh Residentiary Trust,
    Appellants,

vs.

MARVIN BARTOSH and COLETTE BARTOSH,
    Appellees.
_____

Appeal from the Iowa District Court for Benton County, Chad Kepros, Judge.

The appellants challenge a district court's grant of summary judgment on their claim that the terms of the will created an improper restriction on alienation of title. **AFFIRMED.**

Richard A. Pundt and Vincent Pundt of Pundt Law Office, and Leslie E. Stokke, Cedar Rapids, for appellants.

Matthew G. Novak, Cedar Rapids, and Jennifer Lynn Zahradnik, Belle Plaine, for appellees.

Heard by Tabor, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

The appellants challenge the district court's grant of summary judgment that denied their claim a will creates an improper restriction on alienation of title. They argue the court did not follow the parties' mediation agreement and also raise an issue about a no-contest provision in the will. We determine the district court properly granted summary judgment on the issues concerning a restriction on the alienation of title and the mediation agreement. And because we affirm the grant of summary judgment, we render no further opinion on the no contest provision, finding such issue to be moot.

## I.      Background Facts & Proceedings

Joseph Bartosh and his wife, Eileen Bartosh, had three children, Marvin Bartosh, Jerry Bartosh, and Clifford Bartosh. Marvin is married to Colette Bartosh. Joseph and Eileen owned three eighty-acre parcels of farmland. They owned two of these parcels jointly with an undivided one-half interest in each of them; the third parcel was owned jointly by Joseph and Eileen with full rights of survivorship.

Eileen died in 2007. Joseph became the sole owner of the eighty acres held jointly with rights of survivorship. Under Eileen's will, her interest in the two other parcels of land was placed in the Eileen D. Bartosh Residuary Trust (Residuary Trust). Joseph was named as the trustee and received the income from the trust during his life. Eileen's will provided:

> At the death of my husband or on distribution of my estate from probate if he predeceases me, my trustee shall divide the [Residuary Trust] into equal shares so as to provide one share for each then living child of mine, and one share for the then living children, collectively, of each deceased child of mine. The shares shall be administered as follows:

1. With respect to each share provided for a child of mine then living, my trustees shall distribute to him his share outright.

Under Eileen's will, at Joseph's death, Marvin, Jerry, and Clifford were to each receive outright a one-third interest in Eileen's one-half interest in the two parcels of land.

Joseph died in 2021. Joseph's will places his interest in the eighty-acre parcel of land he solely owned and his one-half interest in the other two parcels into the Joseph & Eileen Bartosh Family Trust (Family Trust), with Colette named as the trustee. His will provides:

> (1)     It is my intention that my children benefit from the time and energy that Eileen and I put into the farm and that they should all benefit from our sacrifices and that our life works should be utilized for the greater good when my children are no longer living. I do not want to see our sacrifices sold off and the money sent overseas. With those thoughts in mind, it is my desire that my children, upon my death enter into a family agreement, wherein upon receipt of their inheritance from the [Residuary Trust], that my children will transfer the real estate held by the [Residuary Trust], to the [Family Trust]. Any cash or other assets, besides the real estate, should be paid to my children, pursuant to the terms of the [Residuary Trust]. If any of my children do not desire to enter into the family agreement, their right to income as set forth below shall lapse and they shall not be entitled to any further distributions from my Estate or the [Family Trust].
> (2)     My children, JERRY E. BARTOSH, MARVIN D. BARTOSH, and CLIFFORD E. BARTOSH and my daughter-in-law, COLETTE R. BARTOSH shall be entitled to all of the net income from the [Family Trust] during their lifetime.

On the death of the last income beneficiary, the Family Trust will be liquidated, and the proceeds distributed to three named charities.

The will also contains a no-contest provision, stating that if a beneficiary contests the will without probable cause or sought an adjudication that any provision of the will was void, "then the right of that person to take any interest

given him or her by this Will shall be determined as it would have been determined had the person predeceased me without being survived by issue."

Colette became the executor of Joseph's estate, and Joseph's will was admitted to probate. Marvin, Jerry, and Clifford received a letter from the estate attorney stating, "Pursuant to the Will of Joe, you must consent to the land transfer from the [Residuary Trust] to the [Family Trust] in order to share in his estate and receive annual distributions of income from the [Family Trust]." Thus, Marvin, Jerry, and Clifford were informed that they were required to give up their right to receive outright a one-third interest in Eileen's one-half interest in the two parcels of land under the Residuary Trust in order to receive their share of the income from the Family Trust. Marvin, Jerry, and Clifford did not transfer their interest in the property in the Residuary Trust to the Family Trust.

Jerry and Clifford petitioned for declaratory relief, requesting: (1) a ruling that Joseph lacked authority to compel his children to enter into a family agreement to transfer the property of the Residuary Trust to the Family Trust; (2) Joseph's will be set aside on the ground that this provision is contrary to Iowa law and public policy; (3) Colette be removed as the executor of Joseph's estate; (4) an independent party be appointed to administer the Residuary Trust and act as the executor of Joseph's estate; and (5) an accounting of the Residuary Trust and Joseph's estate.

The court ordered the parties to enter mediation. As a result of mediation, they agreed the Residuary Trust would receive one of the parcels that had been held one-half by the Residuary Trust and one-half by Joseph's estate, and

Joseph's estate would receive the other parcel held by both the Residuary Trust and the estate. The parties signed the deeds to effectuate these transfers.

Marvin and Colette as individuals and Colette as the executor of Joseph's estate moved for summary judgment. They claimed Joseph's will is not ambiguous and is enforceable as written. They stated that under the will, Marvin, Jerry, and Clifford gave up their rights to income from the Family Trust and Colette was entitled to all of the income from the Family Trust. Jerry and Clifford resisted the motion for summary judgment, stating they were not contesting the will, but were seeking declaratory relief regarding the interpretation and application of Joseph's will.

Without a hearing, the court granted the motion for summary judgment. The court stated,

> In determining the [sic] Joseph's intent and considering the language contained within the four corners of the will, the Court finds that the terms and language of the Will are unambiguous and that Joseph W. Bartosh had a right to depose of his property as he saw fit even if the request appeared unreasonable to outside parties. The Court further concludes that extrinsic evidence is not appropriate in this matter as there is no ambiguous language provided within the terms the Will before the Court. The Court finds that the Will provides clear, unambiguous language as to the terms to which Jerry, Clifford, and Marvin would take under the Will.

The court found the terms of Joseph's will "did not put a restraint on alienation of title, as Jerry, Clifford, and Marvin were free to do with the real estate property as they wished." The court also determined the mediation did not result in a family settlement agreement. The court concluded the no-contest provision is enforceable, and under this provision, Jerry and Clifford are not entitled to further

distributions from Joseph's will. Jerry and Clifford appeal the district court's decision.

## II. Standard of Review

We review a district court's decision granting summary judgment for the correction of errors of law. *Jones v. Univ. of Iowa*, 836 N.W.2d 127, 139 (Iowa 2013). Summary judgment may be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3). The record is reviewed in the light most favorable to the nonmoving party. *Deeds v. City of Marion*, 914 N.W.2d 330, 339 (Iowa 2018).

## III. Summary Judgment

A party seeking summary judgment has the burden to establish there are no genuine issues of material fact. Iowa R. Civ. P. 1.981(3); *Morris v. Steffes Group, Inc.*, 924 N.W.2d 491, 496 (Iowa 2019). The facts are viewed in "the light most favorable to the party resisting the summary judgment motion." *Buboltz v. Birusingh*, 962 N.W.2d 747, 754 (Iowa 2021). "[T]o successfully resist a motion for summary judgment, the resisting party must set forth specific evidentiary facts showing the existence of a genuine issue of material fact." *In re Est. of Henrich*, 389 N.W.2d 78, 80 (Iowa Ct. App. 1986). A party cannot rest on mere allegations or a denial of the pleadings. Iowa R. Civ. P. 1.981(5). "Although our rules of procedure allow a nonmoving party to resist summary judgment, the burden is still on the moving party 'to show the district court that there was no genuine issue of material fact and that it was entitled to a judgment as a matter of law.'" *Otterberg v. Farm Bureau Mut. Ins. Co.*, 696 N.W.2d 24, 27 (Iowa 2005) (citation omitted).

### IV.    Alienation of Title

Jerry and Clifford contend that the terms of Joseph's will contain an improper restraint against alienation of title.  Under Eileen's will they received an outright interest in her share of the farmland at the time of Joseph's death.  They state Joseph's will attaches a restraint on the alienability of the farmland because rather than permitting them to sell the farmland as they see fit, Joseph's will provides that in order to receive a share of the income from the Family Trust, they are required to transfer the property to the Family Trust.  They claim Joseph's will limits their options in regard to the alienability of the property they received from the Residuary Trust.

Jerry and Clifford assert Joseph's will violates Iowa Code section 557.9 (2021), because it seeks to defeat an expectant estate through restriction on alienation.  Section 557.9 provides:

> No expectant estate shall be defeated or barred by an alienation or other act of the owner of the precedent estate, nor by the destruction of such precedent estate by disseizin, forfeiture, surrender, or merger; provided that on the petition of the life tenant, with the consent of the holder of the reversion, the district court may order the sale of the property in such estate and the proceeds shall be subject to the order of court until the right thereto becomes fully vested.  The proceedings shall be as in an action for partition.

Joseph did not have the ability to make demands concerning the alienability of the assets distributed through Eileen's will.  Joseph did not own these assets, although he was the trustee and entitled to the income from the Residuary Trust during his lifetime.  Under Eileen's will, the assets transferred to Marvin, Jerry, and Clifford at Joseph's death.  At most, Joseph's request to transfer the property to the Family Trust is precatory.  *See Greer v. Bruck*, No. 02-1025, 2004 WL 149215,

at *2 (Iowa Ct. App. Jan. 28, 2004) ("Precatory expressions are words of entreaty, request, desire, wish, or recommendation, as distinguished from direct and imperative terms."). Joseph expressed a desire that his children would place the property they received under Eileen's will into the Family Trust.

The language in Joseph's will does not create a direct restraint on the alienability of the property Jerry and Clifford received through Eileen's will. *See Martin v. Peoples Mut. Sav. & Loan Ass'n*, 319 N.W.2d 220, 226 (Iowa 1982). "[T]he rule against restraints on alienation bars direct restraints on the alienability of present or future vested interests." *Est. of Cawiezell v. Coronelli*, 958 N.W.2d 842, 845 (Iowa 2021) (alteration in original) (citation omitted). For example, a "testamentary provision restricting the beneficiaries from selling or transferring the devised property outside their immediate family for a period of twenty years following the testator's death is a prohibited restraint on alienation and is void." *Id.* at 848. Unlike the will at issue in *Estate of Cawiezell*, Joseph's will does not state that the beneficiaries of Eileen's will are unable to sell or transfer the property. *Cf. id.* Joseph's will creates a condition, as it provides that if Jerry and Clifford do not place the property in the Family Trust, then they will not receive an interest in Joseph's estate.

Jerry and Clifford are not required to give up anything they were otherwise entitled to receive. Joseph could have directed that his assets go to charities on his death. *See In re Est. of Adams*, No. 18-1405, 2019 WL 4678176, at *7 (Iowa Ct. App. Sept. 25, 2019) ("Ultimately, [the testator's] property was [the testator's] to dispose of as he saw fit."). Joseph is under no obligation to leave his property to his family. By the same token, his children have no right to receive his assets

after his death if he directed that they be given elsewhere. Joseph's request is that his children put their assets into the Family Trust, so the assets will ultimately be given to Joseph's chosen charities. Jerry and Clifford have the ability to refuse to transfer their assets to the Family Trust and exercise that refusal.

We conclude the language of Joseph's will did not create an improper restriction on alienation and affirm on this issue.

## V.      Mediation Agreement

Jerry and Clifford contend the terms of Joseph's will are superseded by a settlement agreement, which was the result of mediation and signed by Jerry, Clifford, Marvin, and Colette.

In the case *In re Estate of Swanson*, the widow and heirs of the decedent entered into a settlement agreement to bypass the decedent's will and administer the estate as intestate. 31 N.W.2d 385, 387 (Iowa 1948). "[I]t is generally held the beneficiaries under a will may agree to disregard the instrument and have the estate distributed as intestate or in any other manner they see proper." *Id.* at 389; *accord In re Est. of Schultz*, No. 22-1671, 2024 WL 960498, at *3 (Iowa Ct. App. Mar. 6, 2024) (noting a family settlement agreement "allows beneficiaries to a will to 'divide up the property as they see fit,' regardless of the testator's intent" (citation omitted)); *In re Est. of Conner*, 36 N.W.2d 833, 839 (Iowa 1949) ("Beneficiaries under a will may agree to distribution of estate assets in a manner different than the will provides.").

The Iowa Supreme Court has stated:

> It is sometimes said family settlements are favored by courts. In upholding such settlements, courts have reasoned that beneficiaries under a will may, immediately after the distribution,

divide the property as they see fit and there is no reason why they may not make such division before they receive the property. Also that beneficiaries are not compelled to accept provisions of the will.

*Swanson*, 31 N.W.2d at 389 (citations omitted). "Family settlements, which provide for distribution in a manner different than the will, are favored by the courts." *In re Est. of Amlie*, No. 09-0449, 2010 WL 447061, at *3 (Iowa Ct. App. Feb. 10, 2010).

On this issue, the district court stated:

> While Jerry and Clifford argue that the agreement through mediation constitutes a "family agreement" required under the Will, the Court finds that the undisputed facts and documentation submitted by the parties provide otherwise. The language provided within the agreement through mediation does *not* state that such agreement is a waiver of the provisions under the Will that would constitute a family agreement that would allow Jerry, Marvin, and Clifford to further receive distribution under the Will.

The mediation agreement does not provide that the parties are reaching an agreement in lieu of the distribution under Joseph's will. As a result of mediation, the parties agreed the Residuary Trust will receive one of the parcels that is held one-half by the Residuary Trust and one-half by Joseph's estate, and Joseph's estate will receive the other parcel held by both the Residuary Trust and the estate. The agreement also states that the property held by the Residuary Trust after this transfer will be sold.

We find no error in the district court's decision that the mediation agreement was not a family settlement agreement where "[b]eneficiaries under a will [ ] agree to distribution of estate assets in a manner different than the will provides." *See Conner*, 36 N.W.2d at 839.

### VI.    No-Contest Provision

Finally, Jerry and Clifford assert the district court erred by applying the no-contest provision of Joseph's will.  They contend the provision is unenforceable because they had a good-faith belief and probable cause to raise a claim that Joseph's will contains an improper restraint on alienation.

"A 'no-contest' . . . clause declares that one who attacks a will forfeits any interest in the decedent's estate or at least will suffer a limitation of his or her interest."  *In re Est. of Workman*, No. 16-0908, 2017 WL 706342, at *1 (Iowa Ct. App. Feb. 22, 2017) (alteration in original) (quoting 80 Am. Jur. 2d *Wills* § 1323 (2d ed. 2016)).  "Its purpose is to deter challenges to a will, that is, to dissuade the devisees of wills from challenging bequests made therein."  *Id.* (quoting 80 Am. Jur. 2d *Wills* § 1323 (2d ed. 2016)).

We have already determined Joseph's will does not contain an improper restraint on alienation and the mediation agreement is not a family settlement agreement where the beneficiaries agreed to a different distribution than the will provided.  Because of these determinations, we render no opinion on the no-contest issue, finding such to be moot.

**AFFIRMED.**